THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. INOCENCIO RUIZ GUZMÁN, Defendant and Appellant.

No. 8544. Argued January 20, 1941.—Decided January 22, 1941.

·Carlos D. Vázquez for appellant. George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney, and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

After judgment had been rendered by the district court, ·on February 23, 1940, convicting Inocencio Ruiz Guzmán of a violation of a final order of the Public Service Commis.sion, the defendant appealed on the same day to the Supreme Court. He obtained his release on bail and then took no further steps.

Based on that fact the prosecuting attorney of this court moved for a dismissal of the appeal, and cited the case of *People* v. *Ojeda*, 41 P.R.R. 669, wherein this court held, to ·quote from the syllabus, as follows:

"Although in appeals in criminal cases it is the duty of the clerk of the trial court to forward to the Supreme Court the transcript of ·the record, it is incumbent on the appellant to procure the performance of such duty; otherwise, the negligence of the clerk is imputable to the appellant, and if such transcript is not filed in the Supreme Court within the statutory period a dismissal of the appeal lies."

Notice of the motion for dismissal was served on the :appellant on November 18, 1940, and it was not until the

7th of this instant January that there was filed in the office of the secretary of this court the judgment roll which also contains a copy of a certain motion presented by the defendant to the lower court requesting a new term to file the transcript of the evidence, which motion was denied.

On the 20th of the present January the parties were heard on the motion for dismissal. The prosecuting attorney maintained his motion and the appellant opposed it, urging that the delay in the prosecution of the appeal was due to the fact that he had entrusted his case to Attorney Juan Lastra, absolutely confiding in him, and he was surprised when he received notice of the motion for dismissal, and then he entrusted his defense to his present attorney, who immediately took steps to prepare the transcript.

 It has been repeatedly held that a party must suffer the consequences of the negligence of his own attorney. Therefore, we must conclude that all the periods which the law and the rules prescribe for perfecting the appeal were allowed to expire completely and without justification. See *People* v. *Rodríguez,* decided today, (*post,* p. 878).

 The circumstance of the filing of the judgment roll does not constitute sufficient answer to the motion, as such filing was not done at the time when notice of the motion was served on the defendant-appellant but more than a month afterwards. Rule 58 of this court, 17 P.R.R. LXXVI.

 Lastly, we have no substantial basis for exercising our discretion in favor of said defendant-appellant, as he has failed to convince us that his appeal is meritorious.

Under those circumstances the motion of the prosecuting attorney must be sustained and consequently the appeal must be dismissed for want of prosecution.